IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 12 CR 851-1 |
| ) | |
| ANTOINE MATTHEWS ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

  Antoine Matthews was arrested in October 2012 after an investigation showed that he had conducted a series of transactions involving his purchase of large quantities of heroin for distribution to others. Matthews has been in custody continuously since then, meaning he has served a little under eight and one-half years. This was not Matthews's first time in prison: in 1995 he was sentenced to a term of imprisonment on a series of drug dealing charges; he served another prison term on a weapons-possession conviction from 2000; he served a third term of imprisonment on a conviction for conspiracy to commit burglary in 2001; and he was sentenced to a six-year prison term on yet another drug dealing charge on which he was convicted in 2008.

  In the present case, Matthews pled guilty in July 2013. In his plea declaration, he admitted that he had conspired with several others to possess heroin with intent to distribute. Specifically, Matthews admitted that he "participated in a heroin distribution business" that involved obtaining multiple-kilogram quantities of heroin from suppliers in the Joliet, Illinois area for resale to wholesale customers in the Cleveland, Ohio area. The Court originally sentenced him to a twenty-year prison term, the mandatory

minimum sentence given the quantity involved. The sentence was overturned on appeal on an issue relating to supervised release conditions. Following remand, the government withdrew its notice of prior convictions under 21 U.S.C. § 851, which had the effect of reducing the mandatory minimum sentence to ten years. The advisory range under the Sentencing Guidelines—primarily a function of the quantity of narcotics and Matthews's leadership role in the conspiracy—was 210 to 262 months. The Court imposed a sentence of 156 months, a twenty-five percent reduction from the low end of the advisory range.

Matthews, who is now just short of forty-five years old, is currently serving his term of imprisonment at FPC Yankton. As indicated earlier, he has been in custody for a little over eight years. According to the Bureau of Prisons website, his anticipated release date is November 2, 2022. He likely will serve about another fifteen months in prison (until about May 2022) before being eligible for release to a halfway house.

Matthews has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He cites his health condition (asthma); the risks he faces due to the coronavirus pandemic; and his positive adjustment while incarcerated, including his participation in numerous educational and self-improvement programs. Matthews also says that the caretaking relationship for one of his daughters has recently changed. Supporting information submitted with Matthews's motion indicates that the daughter was subjected to severe sexual abuse by the boyfriend of her mother and as a result was placed in the care of her grandmother. The grandmother, however, became ill and as a result was no longer able to care for the child. The child was in transition over an extended period and is now in the care of an aunt in Joliet, who has written a letter in support of Matthews's motion. Matthews indicates that his intention is to seek custody

of the daughter in order to stabilize her living environment. Matthews has plans to live with a cousin who is an engineer and project manager in southern California (who has also written a letter to the Court). Matthews has also submitted a letter that includes an offer of employment following his release.

Matthews's motion is filed under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling reasons" warranting a reduction. As amended, and as applicable here, the statute provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)   in any case—
>
> (A)      the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Matthews has satisfied the statute's administrative exhaustion requirement; the government concedes this. In addition, the Court concludes that there are "extraordinary

3

and compelling reasons" that permit a sentence reduction, in particular the situation involving his daughter described above.

The Court also concludes that a reduction of Matthews's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." The policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Matthews. See U.S.S.G. § 1B1.13, app. note 1(D). See, e.g., United States v. Reyes, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.); cf. United States v. Gunn, No. 20-1959, 2020 WL 6819355, at *2 (7th Cir. Nov. 20, 2020) (court may rely on pre-First Step Act policy statements by Sentencing Commission in determining what constitutes an extraordinary and compelling reason warranting release).

Finally, section 3582(c)(1)(A) requires the Court to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). These include Matthews's history and characteristics; the nature and circumstances of his crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Matthews; and providing him with any necessary services and treatment.

Matthews committed an very serious crime that involved distribution of large quantities of a very dangerous drug that causes untold harm to those who consume it as well as serious collateral harm to others. This is why the Court imposed a thirteen-year prison sentence. But Matthews is nearing the final stages of that sentence; he is due to be released in just a little over a year and a half and has, at this point, served sixty-five percent of the originally-imposed term. Service of the remainder of the sentence is not

4

required to account for the seriousness of Matthews's crime or to sufficiently deter him and others from committing crimes in the future. For these and the other reasons discussed earlier (regarding Matthews's daughter), the Court concludes that the interests of justice and the relevant factors under section 3553(a) warrant a reduction of his sentence by one year, to a total of 144 months. The Court anticipates that this reduction will make Matthews eligible for release to a halfway house within the next several months. In that regard, the Court will include in an amended judgment and commitment order a recommendation that Matthews receive the maximum amount of halfway house time available under the law and Bureau of Prisons policy.

The Court notes that this is one of several significant breaks that Matthews has gotten in this case. The first was when his original sentence was overturned due to unanticipated changes in the law regarding supervised release conditions. The second was when the government dropped the section 851 notice following remand. The third was when this Court imposed a sentence that was more than four years below the bottom of the Sentencing Guidelines range. And the fourth is the further one-year reduction the Court is now ordering. The Court is ordering this reduction because it believes the law and facts warrant it, but Matthews should not take this as a free pass. The Court intends to maintain supervision of Matthews's supervised release itself, even if he relocates elsewhere as planned, and the Court will carefully monitor Matthews's conduct during the five-year supervised release term. If Matthews again goes astray, the Court will not hesitate to revoke his supervised release and return him to custody.

## Conclusion

For the reasons stated above, the Court grants defendant Antoine Matthews's motion for compassionate release [224]. The Court reduces the defendant's prison

sentence to the following: 144 months imprisonment on Counts 1, 4, and 6 of the indictment, to be served concurrently; 48 months on Counts 2, 3, and 5 of the indictment, to be served concurrently with each other and concurrently with the sentence imposed on Counts 1, 4, and 6; for a total sentence of 144 months imprisonment. The Court will also include a recommendation to the Bureau of Prisons that the defendant receive the maximum amount of halfway house time available under the law and Bureau of Prisons policy. The Clerk will prepare an amended judgment and commitment order.

Date: March 8, 2021

_____
MATTHEW F. KENNELLY
United States District Judge